DL/RM

In The

# United States Court of Appeals

### For The Fourth Circuit

RECEIVED
2013 JAN 15 P 1:18
U.S. COURT OF APPEALS
FOURTH CIRCUIT

## BRIAN DAVID HILL,

*Petitioner – Appellant,*

v.

## UNITED STATES OF AMERICA,

*Respondent – Appellee.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## AT GREENSBORO/DURHAM/WINSTON-SALEM

---

## INFORMAL OPENING BRIEF OF APPELLANT

---



**Brian David Hill – Ally of Qanon**
**Founder of USWGO Alternative News**
**310 Forest Street, Apt. 2**
**Martinsville, Virginia 24112**
**(276) 790-3505**



---

*Pro Se Appellant*    *JusticeForUSWGO.wordpress.com/JusticeForUSWGO.NL*

# TABLE OF CONTENTS

## Contents

Brian David Hill – Ally of Qanon .................................................................. i

310 Forest Street, Apt. 2 Martinsville, Virginia  24112 .............................. i

TABLE OF CONTENTS ............................................................................... ii

TABLE OF AUTHORITIES/CITATIONS .................................................. iv

CONSTITUTIONAL PROVISIONS........................................................... iv

RULE .......................................................................................................... iv

I.     STATEMENT OF SUBJECT MATTER AND APPELLATE
       JURISDICTION ................................................................................ 1

II.    STATEMENT OF THE ISSUES ..................................................... 2

III.   STATEMENT OF THE CASE ......................................................... 3

IV.    SUMMARY OF THE ARGUMENT ............................................... 5

V.     ARGUMENT..................................................................................... 5

A.     Standard of Review.......................................................................... 5

B.     Argument .......................................................................................... 6

GROUND ii.      The district court erred as a matter of law and as a matter of fact
       or abused discretion in denying and dismissing the Appellant's 2255 motion
       (Document #291), by overlooking the fact that Brady evidence was
       deleted/spoliated, and Appellant did exercise due diligence in asking for the
       Brady evidence materials. A brady violation did occur and Appellant properly
       brought up this issue before the Court prior to the erroneous dismissal of
       Appellant's 2255 case. In violation of Amendment V, U.S. Constitution. That
       is the due process clause of the U.S. Constitution. The Court denied due
       process of law to Appellant............................................................. 16

GROUND iii. The district court erred as a matter of law and as a matter of fact or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the facts of fraud upon the court. In violation of Amendment V, U.S. Constitution. That is the due process clause of the U.S. Constitution. This is a credibility issue for the district court and not just a due process of law issue. Fraud is wrong and any court who learns of fraud has a duty to sanction the one who defrauded the court. A Court has an inherit and constitutional duty to deal with fraud upon the court. .................. 21

GROUND iv. The district court erred as a matter of law or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the OBJECTIONS (Document #338) to the U.S. Magistrate Judge's Report and Recommendation (R&R) (Document #336). The Appellant asserts all objections as the issue for both requesting a Certificate of Appealability (COA) and at issue for the appeal. The objections and the 2255 Motion have raised constitutional defects, fraud on the court, actual innocence, and had demonstrated that Appellant was denied his constitutional rights. 24

GROUND v. The district court erred as a matter of law or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the suggested witnesses in the filed witness list with the District Court in the 2255 case. That denied due process of law to the Appellant. ....... 26

VI. CONCLUSION ................................................................................... 27

BRIAN DAVID HILL ................................................................................ 28

**PRIOR APPEALS** ..................................................................................... 29

VII. REQUEST FOR ORAL ARGUMENT ......................................... 30

BRIAN DAVID HILL ................................................................................ 30

CERTIFICATE OF COMPLIANCE ....................................................... 31

CERTIFICATE OF FILING AND SERVICE ......................................... 32

BRIAN DAVID HILL ................................................................................ 33

# TABLE OF AUTHORITIES/CITATIONS

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. V ........................................................ 6, 17, 21

## RULE

Middle District of North Carolina Local Civil Rule 7.3 paragraphs (f) and (k); Local Rule 7.3 ...................................................................................18, 23

Rule 11 of the RULES GOVERNING SECTION 2254 CASES AND SECTION 2255 PROCEEDINGS ......................................................................1

Federal Rule of Appellate Procedure 22 .......................................................1

## CASE LAW

Brooks v. State, 209 Miss. 150, 151 (Miss. 1950) ......................................7

Chambers v. Nasco, Inc., 501 U.S. 32, 42 (1991) ....................................22

Hunter v. United States, 548 A.2d 806, (D.C. 1988).............................8

In re Marriage of Soden, 251 Kan. 225, 237 (Kan. 1992).....................7

James v. Bradley, 19-870-pr, 2 (2d Cir. Mar. 31, 2020) .........................7

John H. Wigmore Evidence in Trials at Common Law § 278, at 133 (James H. Chadbourn ed., rev. ed. 1979).............................................................22

Kyles v. Whitley, 514 U. S. 419, 438 .........................................20

Lafferty v. Cook, 949 F.2d 1546, 1555 n.10 (10th Cir. 1992) ...................8

Raghav v. Wolf, 522 F. Supp. 3d 534, 538 (D. Ariz. 2021)...................7

United States v. Bagley, 473 U. S. 667, 676...........................20

Williamson v. Reynolds, 904 F. Supp. 1529, 1542 (E.D. Okla. 1995) .................6

Youngblood v. West Virginia, 547 U.S. 867, (2006) ..............................20, 22

## STATUTES

28 U.S.C. § 1291 ............................................................................1

18 U.S. Code § 1519 ......................................................................21

28 U.S.C. § 2253(c)(2) ...................................................................1

Virginia Code § 18.2-456(A)(5) ........................................................17

# I. <u>STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION</u>

1. Brian David Hill, (the "Appellant") appeals the final judgment/Order in the case, Documents #339 and #340 which such judgment/Order were filed on October 25, 2024, in the United States District Court for the Middle District of North Carolina. The judgment/Order denying and dismissing Appellant's 2255 case. The District Court case numbers are: 1:13-cr-435-1, 1:22-CV-00074.

2. The notice of appeal (Document #341) was filed on December 16, 2024. Notice of Appeal was timely filed since the deadline for appealing in a Section 2255 case is 60 days. Appeal is authorized pursuant to 28 U.S.C. § 1291, 28 U.S.C. § 2253(c)(2), Federal Rule of Appellate Procedure 22, and Rule 11 of the RULES GOVERNING SECTION 2254 CASES AND SECTION 2255 PROCEEDINGS, if the Certificate of Appealability is issued by the Fourth Circuit. Appellant doesn't just file this informal opening brief for this case, but the Appellant requests that this Court grant a Certificate of Appealability ("COA") for the issues raised in this informal opening brief since there are constitutional issues which are substantial violations of constitutional law, errors of law, and errors of fact in the appealed case. Constitutional rights were denied, which is one of the issues where this Court may issue a COA. Due process of law is the most important here.

3. There is a substantial issue for appeal concerning the denial of a constitutional right or a debatable procedural ruling. Issues such as unlawful/illegal

1

destruction/spoliation of discovery materials subject to Brady v. Maryland and Giglio v. United States, actual innocence, overlooking evidence, fraud on the court, and due process of law violations/deprivation. Appellant brought up good objections (Document #338) to the U.S. Magistrate Judge's Report and Recommendation (R&R)(Document #336). Therefore, for all issues brought up in this informal opening brief, the Appellant requests that a Certificate of Appealability ("COA") be granted and issued by this court on all of the issues brought up in this brief.

## II. STATEMENT OF THE ISSUES

4. Whether the district court erred or abused discretion by denying and dismissing Appellant's 2255 motion (Document #291) without holding an evidentiary hearing over the unlawful destruction of evidence (spoliation of evidence) which violates due process of law and is fraud on the court.

5. Whether the district court erred or abused discretion by denying and dismissing Appellant's 2255 motion (Document #291) without considering the facts of Appellant's actual innocence since a portion of the prosecution's elements were disproven by prima facie evidence and some uncontested arguments.

6. Whether the district court erred or abused discretion by denying and dismissing Appellant's 2255 motion (Document #291) without considering the facts of Appellant's valid objections made (Document #338) to the U.S. Magistrate Judge's report and recommendation (R&R)(Document #336).

7. Whether the district court erred or abused discretion by denying and dismissing Appellant's 2255 motion (Document #291) without considering the facts

of fraud upon the court by Appellees/U.S. Government. Due process of law denial.

## III. <u>STATEMENT OF THE CASE</u>

8. The 2255 case has a lot of documents since the initial filing on January 27, 2022. The 2255 initial filing which began the case had been filed in Document #291. The case ended on October 25, 2024, in Documents #339 and #340. The U.S. Magistrate Judge filed the Report and Recommendation ("R&R") on September 3, 2024, in Document #336. The Appellant filed timely objections to the R&R on September 13, 2024, in Document #338. The memorandum (Document #292) and exhibits in support of the 2255 motion (Document #293, please see all attachments) were filed in support of the 2255 Motion which was filed by Appellant. The Appellees filed a response to the 2255 motion on July 15, 2022 (Document #319). Appellant filed a reply with evidence attached (Document #323, please review all attachments; Document #324, SEALED exhibits), as well as a motion to file in excess of the word limit (Document #321). Appellant had also filed a NOTICE of a Proposed Witness List of Petitioner for Any Evidentiary Hearing Necessary to Prove Actual Innocence of 2255 Motion Petitioner Brian David Hill (Document #325). As well as filing a NOTICE of filing Federal 2254 Motion case in Western District of Virginia in support of 2255 Motion with more evidence. See Document #316 and all attachments.

9. Appellant filed new evidence during the proceedings (was later granted by the U.S. Magistrate Judge in Document #336, pg. 18) proving the existence of police

3

body-camera footage which was unlawfully spoliated and deleted/destroyed. As well as proving due diligence by Appellant and the state courts in asking for the body camera footage evidence before it was illegally deleted and spoliated.

10. The entire appeal is supported by the objections (Document #338) to the U.S. Magistrate Judge's R&R (Document #336) and is also supported by the record between Documents #291 through #340. The Document #316: NOTICE of filing Federal 2254 Motion case in Western District of Virginia in support of 2255 Motion with more evidence. The attachments under Document #316 had evidence attachments where Appellant had faxed Attorney Renorda Pryor in Document #316-1 asking her to file an affidavit with the court in the 2255 case on an omission from the official transcript in Document #215. The omission where Officer Jones said Appellant was not being obscene on September 21, 2018. Another element of guilt being disproven by the very witness Officer Jones presented by the Appellees: United States of America at the revocation hearing, if the transcript did not have this omission. At the hearing Officer Jones said Appellant had not been obscene when asked by Attorney Renorda Pryor about whether or not Appellant had been obscene (Document #323, pg. 29-32, 2255 REPLY to Government's Response). The District Court and the U.S. Magistrate never asked her to testify over this regard and never asked her to file an affidavit to verify Appellant's claim. Again, see the "Proposed Witness List of Petitioner for Any Evidentiary Hearing Necessary to Prove Actual Innocence of 2255 Motion Petitioner Brian David Hill" (Document #325).

## IV. **SUMMARY OF THE ARGUMENT**

## V. **ARGUMENT**

### A. **Standard of Review**

11. A district court's decision to deny and dismiss Appellant's 2255 motion (Document #291) is reviewed for abuse of discretion, errors of law, errors of constitutional law, and to determine if there is any substantial issue concerning the denial of a constitutional right affecting the conviction or a debatable procedural ruling, and errors of fact.

12. The legitimate concerns requiring that the interests of justice are necessary for issuing a Certificate of Appealability when adequate reasons and good causes were asserted and argued are reviewed for clear error. *Id.*

13. Conversely, this Court reviews questions of law in S e c t i o n 2255 cases *de novo*, including the interpretation of the statute governing Section 2255 cases and interpretation of the Constitution of the United States. Appellant requests de novo review of the entire record of the 2255 case including all Documents from Document #291-340.

**B.    Argument**

>**GROUND i.    The district court erred as a matter of law and as a matter of fact or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking or ignoring the evidence of Appellant's factual innocence which violates the Procedural Due Process and Substantive Due Process rights of Brian David Hill. In violation of Amendment V, U.S. Constitution. Ignored evidence of actual innocence. The Court denied due process of law to Appellant.**

14. The district court erred as a matter of law and as a matter of fact or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking or ignoring the evidence of Appellant's factual innocence which violates the constitutional rights of Procedural Due Process and Substantive Due Process of the party: Brian David Hill. It denied the constitutional rights of Procedural Due Process and Substantive Due Process of the party: Brian David Hill. In violation of Amendment V, U.S. Constitution. The District Court had deprived the Appellant of Due Process of Law and had exercised their judgment in an excess of jurisdiction by ignoring evidence and overlooking evidence and facts. The Court denied due process of law to Appellant. Actual Innocence should be considered.

**CASE LAW AND LEGAL ARGUMENTS PROVING THAT THE DISTRICT COURT IGNORING EVIDENCE AND IGNORING THE LAW IS A VIOLATION OF PROCEDURAL DUE PROCESS AND/OR SUBSTANTIAL DUE PROCESS OF LAW, FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION**

15. Williamson v. Reynolds, 904 F. Supp. 1529, 1542 (E.D. Okla. 1995)

("Rather the inquiry on habeas is whether [defense counsel] . . . denied the defendant his right to due process by ignoring evidence, including evidence at trial, indicating that the defendant might not be competent").

16. In re Marriage of Soden, 251 Kan. 225, 237 (Kan. 1992) ("Dillner contends the trial court abused its discretion by ignoring evidence of the circumstances of the divorce").

17. James v. Bradley, 19-870-pr, 2 (2d Cir. Mar. 31, 2020) ("James brought this action alleging that Bradley violated his right to procedural due process by ignoring evidence at the hearing that purportedly showed that the tested urine was taken from someone other than James.").

18. Raghav v. Wolf, 522 F. Supp. 3d 534, 538 (D. Ariz. 2021) ("Immigration Court violated his due process rights by ignoring evidence of his conditions in India and erroneously applying the law.").

19. Brooks v. State, 209 Miss. 150, 151 (Miss. 1950) ("2. Constitutional law — due process — ignoring fundamental rights. The prohibition in the Constitution that no person shall be deprived of his liberty except by due process of law was intended to guarantee the protection of fundamental and constitutional rights so that a fair trial may result, and where fundamental and constitutional rights are ignored due process does not exist and a fair trial can not be had.").

20. Legal Research: What is it called when a judge ignores evidence? The definition of judicial misconduct is a serious deviation from the accepted

practices of a judge in the judicial profession. A judge cannot expect to remain on the bench for long if ignoring evidence or flat out refusing to look at it becomes an even occasional behavior. A kangaroo court is a court that ignores recognized standards of law or justice, carries little or no official standing in the territory within which it resides, and is typically convened ad hoc. A kangaroo court may ignore due process and come to a predetermined conclusion. Ostensibly, the term comes from the notion of justice proceeding "by leaps", like a kangaroo – in other words, "jumping over" (intentionally ignoring) evidence that would be in favor of the defendant or of a party.

21. Lafferty v. Cook, 949 F.2d 1546, 1555 n.10 (10th Cir. 1992) ("the inquiry on habeas is whether the state court denied the defendant his right to due process by ignoring evidence, including evidence at trial").

22. Hunter v. United States, 548 A.2d 806, (D.C. 1988) ("Because the trial court improperly ignored evidence bearing on appellant's competence to enter a guilty plea, we reverse and remand to the trial court for further proceedings.")

23. The District Court ignored evidence of actual innocence and credibility of witnesses including Attorney L. Lin Wood regarding his claim of blackmail of "judges" and "officials". Ignoring the good causes and adequate reasons for the need for relief requested in the denied Motions. Ignoring that the motion was uncontested by the Government. Ignoring fraud on the court. See Documents #306, 301 and attachments, #294, and #296.

## FACTS OF WHAT WAS OVERLOOKED

24. The District Court overlooked or ignored the facts, proposed witnesses, and evidence of what was presented in the 2255 case as follows:

25. The District Court overlooked Document #307: "MEMORANDUM OF STELLA FORINASH AND KENNETH FORINASH IN FAVOR OF ACTUAL INNOCENCE OF BRIAN DAVID HILL; IN SUPPORT OF WHY BRIAN DAVID HILL SUSPECTS BLACKMAIL OF "JUDGES" AND "OFFICIALS"; AND IN SUPPORT OF GROUND VI - UNCONSTITUTIONAL INTERFERENCE WITH THE STATE COURT PROCESS AND/OR UNWARRANTED USURPATION OF POWER AGAINST THE STATE COURT PROCESS IN VIOLATION OF THE TENTH AMENDMENT OF THE UNITED STATES CONSTITUTION; AND IN SUPPORT OF 2255 MOTION (DOC. #291) by BRIAN DAVID HILL (Attachments: # 1 Attachment 1: "Affidavit Stella April, 2022.pdf", # 2 Attachment 2:"1 Brian Hill's proof of innocence for the court in 2022.pdf", # 3 Attachment 3:"2 Who is Brian Hill-Pictures & Descriptions.pdf", # 4 Attachment 4:"3 Brian's treatment in jail with brittle diabetes, autism & OCD.pdf", # 5 Attachment 5:"4 Threats.pdf", # 6 Attachment 6:"5 INVESTIGATION 1.pdf", # 7 Attachment 7:"6 INVESTIGATION 2.pdf, # 8 Attachment 8:"7 Danville, VA-Brian Discovery.pdf", # 9 Attachment 9:"8 ACTUAL INNOCENCE.pdf", # 10 Attachment 10:"9-Child Pornography Through a Computer Virus-Roberts Law Group.pdf", # 11 Envelope Front Envelope, # 12 Envelope Back Envelope, # 13 Note to Clerk) (Bowers, Alexis) (Entered: 04/20/2022)".

26. The District Court overlooked Document #323: "Petitioner's REPLY to Government's Response (DKT. # 319 ) to Motion under 28 U.S.C. §2255 to Vacate, Set Aside, Or Correct Sentence (DKT. # 291 ), by BRIAN DAVID HILL. (1) Exhibit List in Support of Petitioner's Reply to Government's Response, # 2 Exhibit 1, # 3 Exhibit 3, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 10, # 9 Exhibit 11, # 10 Exhibit 12, # 11 Exhibit 13, # 12 Exhibit 14, # 13 Exhibit 15) Civil Case Number 22cv74. (Bowers, Alexis) (Entered: 07/28/2022)". This evidence and the reply were submitted timely and the reply which was filed in excess of the word limit was allowed by the District Court by granting leave of court (Document 336, Page 18).

27. The District Court overlooked Document #335: "SUPPLEMENT by BRIAN DAVID HILL re 291 MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255). Civil Case 1:22CV74. (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Envelope)(Taylor, Abby) (Entered: 02/22/2023)". This evidence was submitted and was admitted as evidence (Document 336, Page 18). This evidence was never contested by the U.S. Attorney who are counsel for the Appellees and was never contested under Local Rule 7.3. See Middle District of North Carolina Local Civil Rule 7.3 paragraphs (f) and (k). Uncontested motions are ordinarily granted without further notice and are undisputed facts/evidence.

28. The facts of actual innocence are as follows:

(1) Appellant was not factually medically cleared as previously assumed and as stated under penalty of perjury by the United States Probation Office. See OBJECTIONS Document #338, pages 22-25, 31-34, 35-40, 43-49, 54-57. The objections point to the areas of the court record demonstrating that Brian David Hill was not medically cleared as previously assumed. Same with Document #323 (plus all attachments): Petitioner's REPLY to Government's Response (DKT. # 319 ). Appellant had demonstrated to the District Court that he was not factually medically cleared. His diabetic blood glucose was never tested at the hospital at the time of Appellant's naked incident on September 21, 2018, despite Appellant being a type one diabetic. They noted his abnormally high resting blood pulse readings which is tachycardia at the time he was found naked by police, but the hospital did not conduct any further examination to find out why. The hospital ordered lab tests but then were deleted from the chart afterwards. The hospital did not clear Brian David Hill before being arrested for indecent exposure. It has been disproven by the prima facie evidence submitted by Appellant in his 2255 case. The U.S. Probation Office asserted as an element of the charged crime in their charging document Brian was accused of which is the element of Brian being medically and psychologically cleared by the local hospital. See Document #157 said in partial citation: *"Following an examination at a local hospital, Mr. Hill was medically and psychologically cleared."* That is not true when the hospital and police didn't have any fact on whether Brian Hill wasn't intoxicated or was intoxicated. This was brought up in the reply of Appellant's 2255 case and was

brought up in the objections in the 2255 case. It was brought up in the 2255 case before the case was erroneously dismissed. The medical record disproved the medically cleared element of the alleged offense. Without proving Appellant was ever medically cleared, Appellant could have been given an alcoholic beverage or could have been given bath salts or anything on the way to the Dick and Wilie walking trail. All of that was explained in the 2255 case. It is clear as day Appellant is factually innocent unless the Appellees: United States of America represented by the United States Attorney can prove that Appellant was medically cleared including any completion of laboratory tests and testing of his diabetic blood glucose level. The witness Robert Jones lacked credibility.

(2) Appellant had proven the unlawful destruction of police body-camera footage and had proven due diligence was conducted to attempt to obtain the illegally/unlawfully spoliated evidence of the police body-camera footage. Appellant had proven that a certified mailing and return receipt was mailed to the Chief of Police in the City of Martinsville with a typed letter asking for the body-camera footage which was already subject to a court order from the General District Court for the City of Martinsville, and subject to a court order from the Circuit Court for the City of Martinsville. There were two discovery orders from the Circuit Court for the City of Martinsville. Three court orders were ignored by the Commonwealth's Attorney who signed his name onto those court orders. Evidence was proven to have been unlawfully destroyed by law enforcement, by the government. Appellant had proven this in Document #335: SUPPLEMENT

by BRIAN DAVID HILL re 291 MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255). Civil Case 1:22CV74. (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Envelope)(Taylor, Abby) (Entered: 02/22/2023). Usually, evidence being destroyed after being subject to multiple court orders asking for the very evidence is unlawful spoliation, destruction of Brady evidence, it is contempt of court, it is Brady suppression, it is a denial of due process of law. It is a fraud upon the court when evidence from the Government's side and law enforcement's side is unlawfully destroyed or even unlawfully suppressed after being subject to court orders.

(3) The Document #316: NOTICE of filing Federal 2254 Motion case in Western District of Virginia in support of 2255 Motion with more evidence. The attachments under Document #316 had evidence attachments where Appellant had faxed Attorney Renorda Pryor in Document #316-1 asking her to file an affidavit with the court in the 2255 case on an omission from the official transcript in Document #215. The omission where Officer Jones said Appellant was not being obscene on September 21, 2018. Another element of guilt being disproven by the very witness Officer Jones presented by the Appellees: United States of America at the revocation hearing, if the transcript did not have this omission. At the hearing Officer Jones said Appellant had not been obscene when asked by Attorney Renorda Pryor about whether or not Appellant had been

obscene (Document #323, pg. 29-32, 2255 REPLY to Government's Response). The District Court and the U.S. Magistrate never asked her to testify over this regard and never asked her to file an affidavit to verify Appellant's claim. Again, see the "Proposed Witness List of Petitioner for Any Evidentiary Hearing Necessary to Prove Actual Innocence of 2255 Motion Petitioner Brian David Hill" (Document #325).

29. It is clear as day that enough prima facie evidence has been filed by Appellant in Appellant's 2255 case warranting relief and demonstrating enough elements of factual innocence to warrant relief in the 2255 case as a whole. In fact, Actual Innocence was brought up as a ground in the 2255 case. The 2255 Motion itself: See Document #291, pages 8-9. Then the memorandum of law: See Document #292, pages 2, 85-89, 95-97, 114-115, 156, 179-186. All Appellant needs to do is provide enough prima facie evidence and arguments demonstrating his legal innocence and factual innocence, and the District Court should consider granting the 2255 motion or set the matter for an evidentiary hearing. Look at the Document #307: "MEMORANDUM OF STELLA FORINASH AND KENNETH FORINASH IN FAVOR OF ACTUAL INNOCENCE OF BRIAN DAVID HILL". Appellant has met his burden of proving that he was not medically cleared, that Appellant was not obscene which the obscenity is required by law for a conviction, and that evidence was covered up which would have proven Appellant Brian Hill was not medically cleared at the time of his arrest on September 21, 2018 but was intoxicated at the time of this incident. Convicting Appellant of this supervised

release violation is a miscarriage of justice and allows medical clearing to be abruptly changed to not include laboratory testing, to not include testing type one diabetic blood glucose/blood sugar and not do further testing as to why an emergency room patient had tachycardia resting blood pulse readings without explanation as to why. Even the police officer admitted that being medically cleared as being "lab work and other stuff" (Document #215, pg. 35, TRANSCRIPT Lines #7-15), and so this medically cleared was not true when the tests were deleted from the chart. The 2255 case brought up the fact that Officer Robert Jones who charged Appellant with indecent exposure said: "I don't know if they did. Like I said, I did not get his records. They normally do, but I do not have that." (Document #215, pg. 35, TRANSCRIPT Lines #14-15). The officer didn't even know whether actual lab work was done or not. It is clear as day that the record itself shown that Appellant was not medically cleared as previously assumed under affidavit. It was brought up in the Appellant's reply to the Appellees response in the 2255 case and is supported by the record of the District Court under Document #323, Page 17 of 35, Petitioner's REPLY to Government's Response (DKT. # 319 ) to Motion under 28 U.S.C. §2255 to Vacate, Set Aside, Or Correct Sentence (DKT. # 291 ), by BRIAN DAVID HILL. It is clear that Officer Jones was ignorant to claim Appellant was medically cleared when in fact the medical record shown that he wasn't medically cleared and was quickly discharged from the hospital to police/jail while Appellant had suffered tachycardia by abnormally high resting blood pulse readings without explanation as to why. The witness who charged Appellant with indecent exposure had lacked credibility and

15

the statement under penalty of perjury was untrue. All of this is supported by the record. See the prima facie evidence with true and correct copies of medical records of the lab tests being ordered but then were "deleted from the chart" (Document #181, Attachment #11, was referenced in 2255 case; Document #338 pg. 55-57, pg. 8, pg. 36-39; Document #323 pg. 6-25). Everything is supported by the record, and the evidence does prove beyond a reasonable doubt that Appellant was not medically cleared under the legal standards and medical standards of law and medical procedures. **It was negligence by the hospital at best, deliberate at worst.** Again, see Document #215, pg. 35, TRANSCRIPT Lines #7-15. Officer Jones didn't know for a fact whether Appellant was medically cleared or not and assumed "lab work and other stuff" was done at the emergency room. The medical record disproved what Officer Jones had assumed (Document #181, Attachment #11, was referenced in 2255 case; Document #338 pg. 55-57, pg. 8, pg. 36-39; Document #323 pg. 6-25). The element of guilt had been disproven by clear and convincing evidence. An evidentiary hearing should have been warranted, or the 2255 Motion should have been granted or even granted in part.

30. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, all pages of Appellant's objections to the U.S. Magistrates R&R from Document #338, pages 1 through 65.

> **GROUND ii.** **The district court erred as a matter of law and as a matter of fact or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the fact that Brady evidence was deleted/spoliated, and Appellant did exercise due diligence in asking for the Brady evidence materials. A brady violation did occur and Appellant properly brought up this**

16

issue before the Court prior to the erroneous dismissal of Appellant's 2255 case. In violation of Amendment V, U.S. Constitution. That is the due process clause of the U.S. Constitution. The Court denied due process of law to Appellant.

31. The district court erred as a matter of law or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the fact that Brady evidence was deleted/spoliated, and Appellant did exercise due diligence in asking for the Brady evidence materials. A brady violation did occur and Appellant properly brought up this issue before the Court prior to the erroneous dismissal of Appellant's 2255 case. The District Court erroneously made this decision in violation of Amendment V, U.S. Constitution. Due process clause.

32. For the sake of brevity, Appellant hereby incorporates by reference, as if fully set forth herein, all pages of Appellant's objections to the U.S. Magistrates R&R from Document #338, pages 1 through 65.

33. On February 21, 2023, Appellant had filed new evidence concerning an admission from the Chief of Police named Rob Fincher from the City of Martinsville (Document #335, please see all attachments). This admission is new evidence because there was no guarantee that the former police chief G. E. Cassady would have made the same admission since it would have made him possibly liable for misconduct including non-compliance with state court orders which is criminal contempt of court under Virginia Code § 18.2-456(A)(5). When the new police chief went into office, Appellant filed a FOIA Request (Document #335-4) and had received a fast response (Document #335-2). The Chief of Police Rob Fincher

admitted that the body-camera footage and police cop-car camera footage of Appellant at the time of his arrest had existed concerning Appellant's indecent exposure incident, but the footage was "never marked as evidence" by the Commonwealth's Attorney (Document #335-2, Page 4 of 5) despite opening up criminal litigation against Appellant in the General District Court (Document #293). The title of Commonwealth Attorney in the State/Commonwealth is the same type of authority position in Government as the District Attorney in any other state (*or even the same authority as U.S. Attorney in the federal courts*), essentially is the state prosecutor of the district which would be a county or city. The new evidence was submitted with a motion asking for this evidence to be admitted in the 2255 case (Document #334). That motion was granted (Document 336, Page 18). The exact same evidence from the state case was used in the federal supervised release violation case with the exception of the body-camera footage because that evidence was spoliated, exception of the cop car cam footage because that evidence was spoliated, and the exception of the laboratory tests because they were deleted from the chart (covered up) (Document #181-11). This evidence under Document #335 was submitted and was admitted as evidence (Document 336, Page 18). This evidence was never contested by the U.S. Attorney who are counsel for the Appellees and was never contested under Local Rule 7.3. See Middle District of North Carolina Local Civil Rule 7.3 paragraphs (f) and (k).

34. The Appellant did raise this issue in the objections to the U.S. Magistrate Judge's R&R. See Document #338, Pages 8 through 17. He raised the issue that

there were three court orders asking for the Brady evidence materials along with the Public Defender signature saying: "I ASK FOR THIS" and was seen by the Commonwealth Attorney who signed off on those court orders he was supposed to comply with. He was supposed to obey those court orders but did not. See Document #335-11, all pages. Not only those true and correct court orders but the Appellant had sent multiple letters to the "Chief of Police" asking for the body-camera footage. See Documents #335-10, #335-9, #335-8, #335-7, #335-5, #335, and #335-1 pg. 2-4. Appellant had appropriately provided enough evidence to the District Court in this 2255 case that proven evidence was illegally spoliated, because of three court orders asking for that very evidence which were not complied with by the state prosecutor using the exact same evidence being used in the supervised release violation charge. That evidence was not available to the District Court at the final revocation hearing on September 12, 2019, because it had been covered up, illegally deleted, and it was because three court orders were not complied with. Those court orders were not obeyed. The letters from the Appellant asking for the body-camera footage did not matter to the Commonwealth Attorney for the City of Martinsville who never marked the body-camera footage as evidence. Again, see Documents #335-10, #335-9, #335-8, #335-7, #335-5, and #335 pg. 2-4. The Appellant and his attorney Scott Albrecht asked for the body-camera footage and the Commonwealth Attorney had signed his signature on the court order papers for three separate court orders (Document #335-11). The Commonwealth Attorney even "agreed" to the discovery court order in Document #335-11, Page 3 of 9. It is clear as day that the Appellant

19

had exercised due diligence in asking for the body-camera footage as evidence. It was unlawfully spoliated. This does constitute a Brady Violation and Brady Suppression in depriving Appellant of due process of law. See *Youngblood v. West Virginia*, 547 U.S. 867, (2006) ("A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused. See 373 U. S., at 87. *Brady* extends to impeachment evidence, *United States* v. *Bagley*, 473 U. S. 667, 676, and *Brady* suppression occurs even when the evidence not turned over is "known only to police investigators and not to the prosecutor," *Kyles* v. *Whitley*, 514 U. S. 419, 438. Reversal is required upon a "showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.*, at 435.")

35. The 2255 Motion itself has the ground for Brady Violation, so this was brought up at the initial 2255 filing. See Document #291, pages 18-23. Also was brought up in the initial memorandum of law in support of Appellant's 2255 motion. See Document #292, pages 147 through 156. The prima facie evidence submitted in Document #335 (please see all attachments) had proven that evidence was spoliated, that due diligence was pursued and exercised, and three court orders were never followed by the Commonwealth Attorney in the very state criminal case which escalated to the supervised release violation charge in federal court at issue in the 2255 case in Document #291. The Commonwealth Attorney or Martinsville Police Department had a duty to notify the United States Attorney of the evidence it had held onto right before the Commonwealth Attorney had illegally destroyed the

evidence by not marking it as evidence. Federal Law requires evidence not to be destroyed/spoliated which is material to a federal investigation and during a federal investigation (U.S. Probation Office are federal officers) pursuant to 18 U.S. Code § 1519 - Destruction, alteration, or falsification of records in Federal investigations and bankruptcy. Evidence they should have marked as evidence such as the police body-camera footage once criminal litigation was initiated (Document #293) and was served upon the Appellant regarding the filing of a criminal charge that the City of Martinsville had filed against Appellant on September 21, 2018.

> **GROUND iii. The district court erred as a matter of law and as a matter of fact or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the facts of fraud upon the court. In violation of Amendment V, U.S. Constitution. That is the due process clause of the U.S. Constitution. This is a credibility issue for the district court and not just a due process of law issue. Fraud is wrong and any court who learns of fraud has a duty to sanction the one who defrauded the court. A Court has an inherit and constitutional duty to deal with fraud upon the court.**

36. The district court erred as a matter of law or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the facts of fraud upon the court. A brady violation did occur and Appellant properly brought up this issue before the Court prior to the erroneous dismissal of Appellant's 2255 case. In violation of Amendment V, U.S. Constitution. Spoliation of evidence is fraud upon the court when courts have already asked for the very evidence before it was spoliated. This is a credibility issue for the district court and not just a due process of law issue. Fraud is wrong and any court who learns of fraud has a duty to sanction the one who defrauded the court. A Court has an inherit and

constitutional duty to deal with fraud upon the court. See *Chambers v. Nasco, Inc., 501 U.S. 32, 42 (1991)* ("The court therefore relied on its inherent power in imposing sanctions, stressing that "[t]he wielding of that inherent power is particularly appropriate when the offending parties have practiced a fraud upon the court." Ibid.")

37. See Document #292, pages 148-156. See John H. Wigmore Evidence in Trials at Common Law § 278, at 133 (James H. Chadbourn ed., rev. ed. 1979) ("It has always been understood - the inference, indeed, is one of the simplest in human experience - that a **party's falsehood or other fraud** in the preparation and presentation of his cause, his **fabrication or suppression of evidence** by bribery or **spoliation**, and all similar conduct is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness **may be inferred the fact itself** of the **cause's lack of truth and merit**. The inference thus does not necessarily apply to any specific fact in the cause, but operates, indefinitely though strongly, against the whole mass of alleged facts constituting his cause.").

38. See *Youngblood v. West Virginia*, 547 U.S. 867, (2006) ("*Held:* The case is remanded for the views of the full State Supreme Court on the *Brady* issue that Youngblood clearly presented. A *Brady* violation occurs when the government fails to disclose evidence materially favorable to the accused. See 373 U. S., at 87. *Brady* extends to impeachment evidence, *United States* v. *Bagley*, 473 U. S. 667, 676, and *Brady* suppression occurs even when the evidence not turned over is

"known only to police investigators and not to the prosecutor," *Kyles* v. *Whitley*, 514 U. S. 419, 438. Reversal is required upon a "showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.*, at 435. Youngblood clearly presented a federal constitutional *Brady* claim to the State Supreme Court. If this Court is to reach the merits of the case, it would be better to have the benefit of that court's views on the *Brady* issue.").

39. Appellant did raise the ground/issue of fraud upon the court in the initial 2255 Motion (Document #291, pages 13-14), and Memorandum of Law in support of Appellant's 2255 motion (Document #292, pages 108-113). Further evidence supporting the fraud upon the court issue was submitted in Document #335: "SUPPLEMENT by BRIAN DAVID HILL re 291 MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255). Civil Case 1:22CV74. (Attachments: # 1 Exhibit List, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Envelope)(Taylor, Abby) (Entered: 02/22/2023)". This evidence was submitted and was admitted as evidence (Document 336, Page 18). This evidence was never contested by the U.S. Attorney who are counsel for the Appellees, never contested under Local Rule 7.3. See Middle District of North Carolina Local Civil Rule 7.3 paragraphs (f) and (k).

40. Stella and Kenneth Forinash had put together a memorandum about the actual innocence of the Appellant. Does that not further demonstrate fraud upon the

court by the Appellees??? See Document #307: "MEMORANDUM OF STELLA FORINASH AND KENNETH FORINASH IN FAVOR OF ACTUAL INNOCENCE OF BRIAN DAVID HILL; IN SUPPORT OF WHY BRIAN DAVID HILL SUSPECTS BLACKMAIL OF "JUDGES" AND "OFFICIALS"; AND IN SUPPORT OF GROUND VI - UNCONSTITUTIONAL INTERFERENCE WITH THE STATE COURT PROCESS AND/OR UNWARRANTED USURPATION OF POWER AGAINST THE STATE COURT PROCESS IN VIOLATION OF THE TENTH AMENDMENT OF THE UNITED STATES CONSTITUTION; AND IN SUPPORT OF 2255 MOTION (DOC. #291) by BRIAN DAVID HILL (Attachments: # 1 Attachment 1: "Affidavit Stella April, 2022.pdf", # 2 Attachment 2:"1 Brian Hill's proof of innocence for the court in 2022.pdf", # 3 Attachment 3:"2 Who is Brian Hill-Pictures & Descriptions.pdf", # 4 Attachment 4:"3 Brian's treatment in jail with brittle diabetes, autism & OCD.pdf", # 5 Attachment 5:"4 Threats.pdf", # 6 Attachment 6:"5 INVESTIGATION 1.pdf", # 7 Attachment 7:"6 INVESTIGATION 2.pdf, # 8 Attachment 8:"7 Danville, VA- Brian Discovery.pdf", # 9 Attachment 9:"8 ACTUAL INNOCENCE.pdf", # 10 Attachment 10:"9-Child Pornography Through a Computer Virus-Roberts Law Group.pdf", # 11 Envelope Front Envelope, # 12 Envelope Back Envelope, # 13 Note to Clerk) (Bowers, Alexis) (Entered: 04/20/2022)".

> **GROUND iv. The district court erred as a matter of law or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the OBJECTIONS (Document #338) to the U.S. Magistrate Judge's Report and Recommendation (R&R) (Document #336). The Appellant asserts all objections as the issue for both requesting a Certificate of Appealability (COA) and**

24

**at issue for the appeal. The objections and the 2255 Motion have raised constitutional defects, fraud on the court, actual innocence, and had demonstrated that Appellant was denied his constitutional rights.**

41. The district court erred as a matter of law or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the OBJECTIONS (Document #338) to the U.S. Magistrate Judge's Report and Recommendation (R&R) (Document #336). The Appellant asserts all objections as the issue for both requesting a Certificate of Appealability (COA) and at issue for the appeal. The objections and the 2255 Motion have raised constitutional defects, fraud on the court, actual innocence, and had demonstrated that Appellant was denied his constitutional rights.

42. Appellant hereby incorporates by reference, as if fully set forth herein, Document #338: pages 1 through 65 of OBJECTION TO RECOMMENDED RULING - MAGISTRATE JUDGE re: 336, filed by BRIAN DAVID HILL. Response to Objections to R&R due by 9/27/2024. (Attachments: # 1 Envelope - Front and Back) (lg) (Entered: 09/13/2024). There was no response filed by the Appellees to this pleading. The objections were the last effort by Appellant to save his 2255 Motion case from being dismissed and denied. Also, the written objections play a major role in Appellant's appeal process and at issue on whether the U.S. Court of Appeals should grant a Certificate of Appealability. Appellant had raised facts and evidence which contradicts the R&R (DKT. 336) with prima facie evidence. It is prima facie evidence with true and correct copies of three court orders from the state court record (Document #335, Attachment #11). It is prima facie

evidence with a true and correct copy of a letter from the Public Information Officer of the City of Martinsville as well as the information from Police Chief Rob Fincher (Document #335, Attachment #2). It is prima facie evidence with true and correct copies of a letter and certified mail typed-letter from Appellant and/or his family to the Chief of Police regarding the discovery materials which were separately ordered by the courts (Documents #335-10, #335-9, #335-8, #335-7, #335-5, #335, and #335-1 pg. 2-4). It is prima facie evidence with true and correct copies of medical records of the lab tests being ordered but then were "deleted from the chart" (Document #181, Attachment #11, was referenced in 2255 case; Document #338 pg. 55-57, pg. 8, pg. 36-39; Document #323 pg. 6-25). It is clear as day that Appellant had filed enough prima facie evidence and argued valid objections (DKT. 338) which warranted reconsideration by the U.S. Magistrate Judge's R&R (DKT. 336). The District Court erred in accepting the R&R (DKT. 336) with the valid objections from Appellant (DKT. 338). The District Court erred in adopting the R&R.

43. It is clear that the objections were overlooked, and important evidence was overlooked by the District Court in its order denying and dismissing the Appellant's 2255 motion (Document #291).

> **GROUND v.  The district court erred as a matter of law or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the suggested witnesses in the filed witness list with the District Court in the 2255 case. That denied due process of law to the Appellant.**

44. The district court erred as a matter of law or abused discretion in denying and dismissing the Appellant's 2255 motion (Document #291), by overlooking the

suggested witnesses in the filed witness list with the District Court in the 2255 case. That denied due process of law to the Appellant. That means neither party could question the witnesses suggested by Appellant. Appellant had suggested material witnesses, as well as relevant witnesses.

45. Appellant had filed a NOTICE of a Proposed Witness List of Petitioner for Any Evidentiary Hearing Necessary to Prove Actual Innocence of 2255 Motion Petitioner Brian David Hill (Document #325 and Document #325-1). Appellant had provided sufficient reasons and a sufficient basis why the proposed witnesses should have been allowed to submit any affidavits or testimony at a hearing before the District Court before disposition of the 2255 Motion case. The witness list was totally overlooked by the U.S. Magistrate Judge in his R&R (Document #336). This was brought out in the objections: Document #338, pg. 3, 6, 35, 43, 45-46, 56. This was properly brought up on the record of the District Court before the 2255 motion case was dismissed and denied. See (Document #325 and Document #325-1).

46. This demonstrates that witnesses proposed in the witness list (Document #325 and Document #325-1) were overlooked and ignored by the District Court (Document #336) when the court had decided to deny and dismiss the Appellant's 2255 motion (Document #291).

## VI. CONCLUSION

47. For the reasons stated above, the Appellant urges this Court to issue/grant a Certificate of Appealability (COA), then conduct further proceedings to consider whether or not to vacate the final judgment/Order denying and dismissing the

Appellant's 2255 motion (Document #291), compel the District Court to hold an evidentiary hearing if necessary, and the Court should be ordered and remanded with instructions for the District Court.

For the reasons stated above, the Appellant urges this Court of Appeals to grant any relief or for any other relief that this court deems just and proper. The Appellant asks for any relief or for any other relief that this court deems just and proper.

Respectfully Submitted,
This the 13th day of January, 2025

**BRIAN DAVID HILL**
   **Pro Se**

*Brian D. Hill*
      Signed
           **Brian D. Hill**

Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*





# PRIOR APPEALS

Appellant had filed prior appeals in the Fourth Circuit U.S. Court of

Appeals.

| | | | | |
|---|---|---|---|---|
| 15-4057<br>US v. Brian Hill | 01/30/2015 | Brian David Hill | 06/12/2015<br>14:43:07 | 0418-2 : 1:13-cr-00435-WO-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |
| 17-1866<br>Brian Hill v. EOUSA | 07/25/2017 | Brian David Hill | 12/27/2017<br>11:00:14 | 0423-4 : 4:17-cv-00027-JLK-RSB<br>United States District Court for the Western District<br>of Virginia at Danville |
| 18-1160<br>Brian Hill v. EOUSA | 02/09/2018 | Brian David Hill | 10/09/2018<br>08:08:13 | 0423-4 : 4:17-cv-00027-JLK-RSB<br>United States District Court for the Western District<br>of Virginia at Danville |
| 19-2077<br>In re: Brian Hill | 10/03/2019 | Brian David Hill | 10/17/2019<br>10:41:39 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |
| 19-4758<br>US v. Brian Hill | 10/15/2019 | Brian David Hill | 02/23/2021<br>15:03:01 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |
| 19-7483<br>US v. Brian Hill | 10/15/2019 | Brian David Hill | 05/06/2020<br>08:45:33 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |
| 19-2338<br>In re: Brian Hill | 11/25/2019 | Brian David Hill | 01/12/2021<br>14:57:45 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |
| 19-7755<br>US v. Brian Hill | 11/27/2019 | Brian David Hill | 01/10/2022<br>16:16:36 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |
| 19-7756<br>US v. Brian Hill | 11/27/2019 | Brian David Hill | 05/06/2020<br>08:47:08 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |
| 20-6034<br>US v. Brian Hill | 01/06/2020 | Brian David Hill | 01/10/2022<br>16:16:36 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |
| 20-1396<br>Brian Hill v. Glen Hall | 04/07/2020 | Brian David Hill | 07/15/2020<br>08:54:16 | 0423-4 : 4:20-cv-00017-JLK<br>United States District Court for the Western District<br>of Virginia at Danville |
| 20-7737<br>US v. Brian Hill | 11/24/2020 | Brian David Hill | 01/10/2022<br>16:36:20 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |
| 22-6325<br>US v. Brian Hill | 03/22/2022 | Brian David Hill | 04/15/2022<br>11:34:18 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |
| 22-6501<br>US v. Brian Hill | 04/27/2022 | Brian David Hill | 04/27/2022<br>12:07:32 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District<br>of North Carolina at Greensboro |

## VII. <u>REQUEST FOR ORAL ARGUMENT</u>

As this appeal raises important constitutional and statutory interpretation issues, the Appellant requests oral argument. Appellant also requests that counsel be appointed to represent Appellant for oral argument if necessary.

Respectfully Submitted,
This the 13th day of January, 2025

**BRIAN DAVID HILL**
   **Pro Se**

*Brian D. Hill*
      Signed
         **Brian D. Hill**

Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*



# CERTIFICATE OF COMPLIANCE

1.  This brief complies with type-volume limits (contains no more than 13,000 words) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*7,386*] words.

    [ X ]   this brief is 30 pages or less excluding the parts of the document exempted by Fed. R. App. P. 32(f).

2.  This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2013*] in [*14pt Times New Roman*]; *or*

    [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  <u>January 13, 2025</u>　　　　　



<u>Signed</u>
**Brian D. Hill**



Brian David Hill – Ally of Qanon
Founder of USWGO Alternative News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505

　　　　　　　*Pro Se Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 13th day of January 13, 2025, I caused this Informal Opening Brief of Appellant to be filed with the Clerk of the Court by mailing the foregoing in a Priority Mail envelope with the Clerk of the Court then request that pursuant to 28 U.S.C. §1915(d) that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

Anand P. Ramaswamy
OFFICE OF THE U.S. ATTORNEY
101 South Edgewater Street, 4th Floor
Greensboro, North Carolina 27401
(336) 333-5351
Anand.Ramaswamy@usdoj.gov

*Counsel for Appellee*

Angela Hewlett Miller
U.S. Attorney Office
101 South Edgeworth Street, 4th
Floor, Greensboro, NC 27401
(336) 333-5351
angela.miller@usdoj.gov

*Counsel for Appellee*

John M. Alsup
U.S. Attorney Office
101 South Edgeworth Street, 4th
Floor, Greensboro, NC 27401
(336) 333-5351
john.alsup@usdoj.gov

*Counsel for Appellee*

Margaret M. Reece

U.S. Attorney Office
101 South Edgeworth Street, 4th
Floor, Greensboro, NC 27401
(336) 747-7507
morgan.reece@usdoj.gov

*Counsel for Appellee*

Respectfully Submitted,
This the 13th day of January, 2025

**BRIAN DAVID HILL**
  **Pro Se**

*Brian D. Hill*
  Signed
        **Brian D. Hill**

Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*

*JusticeForUSWGO.wordpress.com*
*JusticeForUSWGO.NL*






**The DEEP STATE can Frame You - the
Documentary
at JusticeForUSWGO.wordpress.com**

https://rumble.com/v2ozhp6-the-deep-state-can-frame-you-the-documentary.html

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL.

UNITED STATES POSTAL SERVICE

**P** POSTAL SERVICE®

Retail

US POSTAGE PAID
$10.45

Origin: 24112
01/13/25
5156520362-13

PRIORITY MAIL®

0 Lb 7.80 Oz

RDC 03

EXPECTED DELIVERY DAY: 01/15/25

C003

SHIP
TO:
STE 501
1100 E MAIN ST
RICHMOND VA 23219-3538

USPS TRACKING® #

9505 5104 2593 5013 7493 44

RECEIVED
U.S. MARSHALS

FROM:

**U.S.W.G.O.**

Brian D. Hill - Ally of Q
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
WWG1WGA Q Intel - MAGA
Drain the Swamp - INVESTIGATE!
JusticeForUSWGO.wordpress.com

JusticeForUSWGO.NL

TO:

Clerk of the Court
Lewis F. Powell Jr. Courthouse & Annex
U.S. Court of Appeals, Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

s packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.